### GREITZER v. ERSHOWSKY.

#### (Supreme Court, Appellate Term. June 26, 1905.)

BUILDING CONTRACT—INSTALLMENTS—RECOVERY—EVIDENCE.

Where, in a suit by a building contractor to recover a third installment under the contract, and for extra work and material, such installment was due on the completion of the work, and whether or not plaintiff had fully performed the contract and whether he had done the extra work was in issue, an opinion by the Appellate Term in a prior proceeding to foreclose a subcontractor's mechanic's lien on the premises, in which it was said that the performance of the contractor's work was not seriously disputed, etc., was inadmissible.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Isidor Greitzer against Samuel Ershowsky. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and MacLEAN and DUGRO, JJ.

House, Grossman & Vorhaus (Charles Goldzier, of counsel), for appellant.

Eugene I. Yuells, for respondent.

SCOTT, P. J. This action was brought to recover for a balance claimed by the plaintiff to be due as a third installment for work, etc., under a building contract made between the parties, and for extra work and material claimed to have been done and furnished by the plaintiff. The installment claimed was due upon the completion of the work, and whether or not the plaintiff had fully performed the contract on his part, and whether he had done extra work, were questions contested upon the trial. It appears that one Siegel was a subcontractor of the plaintiff, that Siegel had filed a mechanic's lien upon the defendant's premises for a sum claimed to be due him, and that he had brought an action to foreclose such lien, in which action he had recovered a judgment in the Municipal Court, which upon appeal to this court had been reversed. An opinion had been written upon such reversal, and the plaintiff herein offered such opinion in evidence, and, over the objection of de-

fendant's counsel, the same was received.    The opinion contained, among other things, these words:

"The performance of plaintiff's work was not seriously disputed, and the conclusion of the trial justice that there was an amount due from the defendant to the principal contractor [the plaintiff in this action] sufficient to cover the plaintiff's claim is amply supported by the evidence."

The introduction of this opinion was error.    It in no sense constituted evidence, and was evidently offered to show that there was a certain sum due this plaintiff from the defendant, and also as showing that the performance of the contract upon which this plaintiff based his claim had been established in the former action. Opinions form no part of the record, and the statements appearing therein cannot be considered unless the judgment appealed from so refers to the opinion as to make it a part of the record.    Koehler v. Hughes, 148 N. Y. 507, 42 N. E. 1051.    This opinion undoubtedly had great weight with the learned trial justice, and it cannot be said that the proof on the part of the plaintiff was so clear as to be beyond dispute.    There should be a new trial.

Judgment reversed and new trial granted, with costs to appellant to abide the event.    All concur.